**STURTEVANT v. OOMS, Commissioner of Patents.**

No. 9204.

United States Court of Appeals District of Columbia.

Argued Oct. 17, 1946.

Decided Nov. 4, 1946.

Mr. Bertrand W. Coltman, of Chicago, Ill., with whom Messrs. M. Hudson Rathburn and Edwin R. Hutchinson, both of Chicago, Ill., were on the brief, for appellant.

Mr. W. W. Cochran, of Washington, D. C., Solicitor, United States Patent Office, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant secured a patent on a torque wrench. Later he applied for a reissue of the patent. The specification and drawings of the original patent remained unchanged in the reissue application, but that application contained five new claims. It was rejected by the Board of Appeals of the Patent Office. Appellant filed an action in the District Court under Section 4915 of the Revised Statutes.[1] The court dismissed the complaint. This appeal followed.

The specification and drawings reveal a torque measuring wrench, consisting of a head (designed to engage a nut or a bolt) and a handle, connected by a flexible steel bar, and an indicator. When the wrench

---

[1] 35 U.S.C.A. § 63.

is used to tighten a nut or bolt, the pressure applied to the handle causes the spring bar to flex, and the indicator shows the amount of the pressure. The head is rigidly connected to one end of the steel bar, and the handle is rigidly connected to the other end.

The new claims in the reissue application say that the head (work-engaging member) is "pivotally supported" adjacent one end of the handle, "rotatably mounted" with respect to the handle, and "pivotally connected" with the handle. Appellant says that one essential characteristic of a torque measuring wrench is a pivotal movement of the handle with respect to the head, that otherwise there is no means for measuring the pressure being applied. He says that this pivotal movement constitutes a pivotal support or pivotal connection between the head and the handle.

We think the terms "pivotally supported", "rotatably mounted", and "pivotally connected" are structural terms. Structurally speaking, there is no pivotal connection or support between the head and the handle in this wrench; both connections are rigid. It is true that the slight movement of the handle with respect to the head, permitted by the flexing of the spring bar, might be described as "pivotal", in that "pivotal" might be used to describe any axial movement of one body in relation to another. But "pivotal" used in that sense does not describe the structure, or the manner in which the members are "supported", "mounted" or "connected" in relation to one another. Thus, a gate mounted only on a spring might be said to have a pivotal movement with respect to the gatepost. But a spring is not a pivot, and spring construction is not pivotal connection.

Appellant copied his new claims from a patent issued to one Zimmerman, in order that an interference proceeding might be instituted. He says that if the head in the Zimmerman patent is pivotally connected or pivotally supported in relation to the handle, the same is true of his patent. Examination of the Zimmerman patent, however, discloses that the working member is a rotatable stud which moves in a boss on the head of the wrench. Thus, there is a pivotal construction in the connection or support of the working member in relation to the rest of that wrench.

In the view which we take, it is unnecessary to discuss the other points presented by the parties.

Affirmed.